# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAELON HILL-JOHNSON, | ) |
| | ) Civil Action No. 19 – 30 |
| Plaintiff, | ) |
| | ) |
| v. | ) District Judge William S. Stickman |
| | ) Magistrate Judge Lisa Pupo Lenihan |
| ALLEGHENY COUNTY DISTRICT ATTORNEY'S OFFICE, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## **MEMORANDUM ORDER**

Pending before the Court is a Motion to Stay Civil Proceedings, ECF No. 64, filed by Defendants Borough of Wilkinsburg Police Department, Michel P. Catanzaro and Brandon Rourke. For the following reasons, the Motion will be denied.

Plaintiff's Amended Complaint seeks damages against Defendants for alleged unlawful and unconstitutional conduct stemming from his arrest on April 5, 2017. *See*, *generally*, ECF No. 57. Generally, Plaintiff alleges that officials lacked probable cause to arrest him and that he was maliciously prosecuted for crimes that were later *nolle prossed* on August 31, 2017. Id. Defendants, however, note that Plaintiff was also charged with federal crimes for the conduct that lead to his arrest on April 5, 2017, and they argue that this case should be stayed until his

1

federal case has ended because the resolution of those charges directly impact the viability of his claims in this case.[1]  *See* ECF No. 65.

In support of their Motion, Defendants primarily rely on Wallace v. Keto, 549 U.S. 384 (2007), where the Supreme Court addressed the issue of the potential for inconsistent outcomes in the context of a false-arrest claim brought by a plaintiff before he had been convicted.  It recognized that in such a situation, "it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. . . .  If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, Heck [v. Humphrey, 512 U.S. 477 (1994)] will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit."  Id. at 393-94 (internal citations omitted).

Here, there is no doubt that a stay of these proceedings would be appropriate until such time Plaintiff's federal conviction was affirmed on appeal *if* Plaintiff's claims were related to his arrest[2] and subsequent federal prosecution, but they are not.  Instead, Plaintiff is seeking to recover damages for alleged unconstitutional conduct stemming from his arrest and prosecution for charges brought and eventually *nolle prossed* in Allegheny County.  While both the state and federal charges arise out of the same criminal conduct,[3] and the existence of Plaintiff's federal

---

[1] Petitioner plead guilty in his federal case and was sentenced on June 5, 2019.  *See* United States v. Hill-Johnson, 2:17-cr-226 (ECF No. 116).  His judgment of sentence is currently on appeal before the Third Circuit.

[2] Petitioner was not arrested on the federal charges until after the state charges had been *nolle prossed*.  *See* United States v. Hill-Johnson, 2:17-cr-226 (ECF No. 7).

[3] In Allegheny County, Plaintiff was charged with two counts of intentional possession of a controlled substance and one count each of carrying a firearm without a license, illegal possession of a firearm, possession with intent to distribute, possession of marijuana, possession

2

criminal case may be of consequence to resolving the claims in this case,[4] the pending appeal of his federal conviction does not require the Court to stay these proceedings. Accordingly, the following Order is now entered:

**AND NOW**, this 23rd day of January, 2020,

**IT IS HEREBY ORDERED** that the Motion to Stay Civil Proceedings (ECF No. 64) is denied.

**AND IT IS FURTHER ORDERED** that, in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Local Civil Rule 72.C.2., the parties are allowed fourteen (14) days after the date of service of this Order to file objections to the determinations made herein, which shall specifically designate the parts of the order

---

of drug paraphernalia, criminal use of a communication facility, and resisting arrest. *See* Commonwealth v. Hill-Johnson, CP-02-CR-5976-2017.

In the Western District of Pennsylvania, Plaintiff was charged with one count each of possession with intent to distribute and possession of a firearm in furtherance of a drug trafficking crime. *See* United States v. Hill-Johnson, 2:17-cr-226.

[4] Defendants argue that the resolution of Plaintiff's federal case directly impacts the viability of his claims in this case, but that is incorrect. For Plaintiff's claim of malicious prosecution, the criminal proceedings at issue are those in Allegheny County. Therefore, the issue is whether the *nolle pros* of those charges signifies a "favorable termination." *See* Hilfirty v. Shipman, 91 F.3d 573, 579-80 (3d Cir. 1996) (a *nolle prosequi* disposition will not always signify a favorable termination but may in certain circumstances); Malcomb v. McKean, 535 F. App'x 184, 186-87 (3d Cir. 2013). Plaintiff's criminal docket does not indicate any reason for the *nolle pros*, and, in resolving whether a *nolle pros* disposition reflects a favorable termination, a district court must conduct a "fact-based inquiry," considering, among other things, the underlying facts of the case, the particular circumstances prompting the *nol pros* determination, and the substance of the request for a *nolle pros* that resulted in the dismissal. Geness v. Cox, 902 F.3d 344, 356 (3d Cir. 2018) (citing Kossler v. Crisanti, 564 F.3d 181 (3d Cir. 2009) and Donahue v. Gavin, 280 F.3d 371 (3d Cir. 2002)). If, in this case, the state charges were *nolle prossed* pursuant to an agreement the Commonwealth entered into with the United States Attorney's Office in the Western District, then this would be a factor to consider in determining whether there was a favorable termination. Plaintiff's ultimate conviction for those federal charges, however, likely would not.

objected to and the basis for the objection. Any party opposing the objections shall have fourteen (14) days from the date of service of the objections to respond thereto. Failure to file a timely objection shall constitute a waiver of any appellate rights.

                                                   Lisa Pupo Lenihan
                                                   United States Magistrate Judge

Cc:    Daelon Hill-Johnson
        #180163
        Allegheny County Jail
        950 Second Avenue
        Pittsburgh, PA  15219

        Counsel of record
        (Via CM/ECF electronic mail)